UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MACDONALD,

      Plaintiff,                                No. 15-13994

v.                                         District Judge Paul D. Borman
                                               Magistrate Judge R. Steven Whalen

ORLANDO ADAMS,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Melvin MacDonald, an employee of the United States Postal Service ("USPS"), filed a petition for a personal protection order ("PPO") in State court, against his supervisor, Defendant Orlando Adams, who removed the case to this Court on November 13, 2015. Before the Court is Defendant's Motion to Dismiss [Doc. #2], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the Plaintiff's complaint be DISMISSED WITH PREJUDICE.

**I.    FACTS**

In his petition for a PPO [Doc. #1], Plaintiff alleges that in July of 2015, Defendant Adams, a supervisor at the USPS facility where Plaintiff worked, "came after" him, and was forced to leave by other employees. He states that in October of that year, Adams walked behind Plaintiff's work station and said, "I'm watching you." Plaintiff states that Adams was suspended as a result of the July incident. In his petition, Plaintiff asked the State court to restrain Adams from following him, communicating with him, approaching him in public, and appearing at his workplace and residence.

Defendant Adams removed the case to this Court under 28 U.S.C. § 1442(a)(1), based on a colorable federal defense. In this motion, Defendant seeks dismissal based on sovereign immunity.

## II.  STANDARD OF REVIEW

A Plaintiff has the burden of establishing subject matter jurisdiction. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Where, as here, a defendant brings a facial challenge to jurisdiction under Fed.R.Civ.P. 12(b)(1), the Court accepts the plaintiff's allegations in the complaint as true, similarly to a motion under Rule 12(b)(6). *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

## III.  DISCUSSION

Defendant Adams is a supervisor with the USPS, and as such, construes the Plaintiff's petition to have named him in his official capacity. In his response to this Motion [Doc. #5], Plaintiff contends that Adams continues to harass him, but does not contest that Adams is being sued in his official capacity. Nor does Plaintiff respond to Defendant's argument that Adams is protected by sovereign immunity. Moreover, a suit against a government employee that seeks injunctive relief is considered to have been brought against that employee in his or her official capacity. *See Kirby v. City of Elizabeth*, 388 F.3d 440, 452, n. 10 (4th Cir. 2004), citing *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993)(equitable relief against government employee could only be obtained in his official capacity).

A suit brought against the employee of a governmental entity in his or her official capacity is a suit against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Sovereign immunity protects the United States and its agencies from lawsuits,

unless immunity is waived by Congress. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Congress has not waived immunity for the USPS. Defendant cites *Cubb v. Belton*, 2015 WL 4079077 (E.D. Mo. 2015), where the Court found that no act of Congress, including the Postal Reorganization Act, operates to waive sovereign immunity for the USPS. In *Cubb*, a postal employee petitioned for a PPO against a supervisor, seeking to restrain him from contacting him at work. The Court dismissed the case for lack of subject matter jurisdiction.

*Cubb* cited two other cases involving USPS employees who, like Plaintiff, sought PPOs against their supervisors: *Hendy v. Bello*, 555 Fed. App'x 224 (4th Cir. 2014), and *Grace v. Hughes*, 2014 WL 7333845, *2 (E.D. Mo. 2014). The Courts in both cases found that there was no Congressional waiver of sovereign immunity as to the USPS, and dismissed the complaints for lack of subject matter jurisdiction.

Plaintiff has offered no response to Defendant's sovereign immunity argument, and has not carried his burden of establishing subject matter jurisdiction. I agree with the reasoning of *Cubb, Hendy,* and *Grace*. This complaint must be dismissed.

## IV.   CONCLUSION

I recommend that the Defendant's Motion to Dismiss [Doc. #2] be GRANTED, and that the Plaintiff's complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 31, 2016

**CERTIFICATE OF SERVICE**

I hereby certify on August 31, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants August 31, 2016.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen