UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MACDONALD,

        Plaintiff,

v.

ORLANDO ADAMS,

        Defendant.

_____/

Case No. 15-cv-13994

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF NO. 6); AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 2)

On August 31, 2016, Magistrate Judge R. Steven Whalen issued a Report and Recommendation to grant Defendant's Motion to Dismiss and to dismiss this action with prejudice. (ECF No. 6, Report and Recommendation.) No timely objections to the Report and Recommendation have been filed.

In recommending that the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction, Magistrate Judge Whalen relied on several persuasive decisions. *See Hendy v. Bello*, 555 F. App'x 224 (4th Cir. 2013), *Cubb v. Belton*, No. 15-cv-676, 2015 WL 4079077 (E.D. Mo. July 6, 2015), and *Grace v. Hughes*, No. 14-cv-1771, 2014 WL 7333845 (E.D. Mo. Dec. 19, 2014). In each of these cases the plaintiff, like the Plaintiff here, brought a state court action against a postal office supervisor seeking to enjoin alleged abusive conduct and stalking in the workplace and to preclude the supervisor from engaging

1

in certain workplace conduct and/or from coming to the federal workplace.  (*See* ECF No.
1, Petition for Personal Protection Order, PgID4.)  Each of these cases, like Plaintiff's case
here, was removed to federal court under 28 U.S.C. § 1442(a)(1), based on an asserted
colorable federal defense.  *See Mesa v. California*, 489 U.S. 121 (1989) (holding that
removal under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which serves to
overcome the well-pleaded complaint rule but does not create "arising under" jurisdiction,
must be predicated on a colorable federal defense) and *Bennett v. MIS Corp.*, 607 F.3d 1076,
1085-86 (6th Cir. 2010) (examining the requirements for removal under 28 U.S.C. §
1442(a)(1), the federal officer removal statute).  Following removal, the plaintiff's claims in
*Hendy*, *Cubb*, and *Grace* seeking personal protection orders to enjoin alleged workplace
misconduct were dismissed for lack of subject matter jurisdiction based on sovereign
immunity and/or for failure to exhaust administrative remedies under the Civil Service
Reform Act of 1978 (CSRA), 5 U.S.C. § 7501, *et seq.*, or Title VII, 42 U.S.C. § 2000e.

In an opinion issued subsequent to Magistrate Judge Whalen's Report and
Recommendation, another United States District Court has reached this same result.  *See
Sherlynn Louise Haynie v. Bredenkamp*, No. 16-cv-773, 2016 WL 3653957 (E.D. Mo. July
8, 2016) (dismissing those portions of postal employee's claim, which was removed to
federal court under 28 U.S.C. § 1442(a)(1), that sought a personal protection order against
plaintiff's supervisor for abusive or stalking conduct in the workplace, based upon the
doctrine of sovereign immunity and failure to exhaust administrative remedies).

2

Having reviewed the Report and Recommendation, and there being no timely objections under 28 U.S.C. § 636(b)(1) and E.D. Mich L.R. 72.1(d), the Court ADOPTS the Report and Recommendation, GRANTS Defendants' Motion to Dismiss (ECF No. 2) and DISMISSES this action WITH PREJUDICE.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 23, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2016.


s/Deborah Tofil
Case Manager

3